UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

| | |
|---|---|
| SCOTT RYAN SIPEREK,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO. 3:17-cv-05169<br><br>COMPLAINT<br>(18 USC §925A) |

The Plaintiff, by and through the undersigned counsel, alleges the following:

### PARTIES

1. Plaintiff, Scott Siperek ("Plaintiff"), is an adult male citizen of the United States of America residing in Kitsap County, State of Washington.

2. Defendant, United States of America ("USA"), is the government.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 (federal question) and 1346 (USA as defendant), and 18 U.S.C. 925A. The case arises under the Constitution and laws of the United States of America and the USA is the Defendant.

4. Venue is proper under 28 U.S.C. 1391(b)(2) and/or (e)(1) and W.D. Wash. CR 3(d)(1).

### STATEMENT OF FACTS

5. 18 U.S.C. 922(g)(1) provides in pertinent part:

   (g) It shall be unlawful for any person—
       (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; …

Complaint
Siperek v. USA
Page 1 of 6

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

6. 18 U.S.C. 921(a)(20) defines the term "crime punishable by imprisonment for a term exceeding one year" and provides in pertinent part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

7. On or about December 6, 2001, Plaintiff was a juvenile respondent found guilty of a crime punishable by imprisonment for a term exceeding one year in Kitsap County Superior Court Cause Number 01-8-00764-9.

8. On March 11, 2016, the Kitsap County Superior Court issued Plaintiff an Order Sealing Juvenile Records in Kitsap County Superior Court Cause Number 01-8-00764-9 ("Order Sealing") pursuant to Revised Code of Washington ("RCW") 13.50.260. See "Exhibit A."

9. RCW 13.50.260(6) provides in pertinent part:

> If the court enters a written order sealing the juvenile court record pursuant to this section…the proceedings in the case shall be treated as if they never occurred, and the subject of the records may reply accordingly to any inquiry about the events, records of which are sealed. Any agency shall reply to any inquiry concerning confidential or sealed records that records are confidential, and no information can be given about the existence or nonexistence of records concerning an individual.

10. The Order Sealing provides in pertinent part:

> This proceeding and those cases shall be treated as having never occurred and the orders finding petitioner guilty and sentencing or diverting petitioner for cases referenced herein shall hereby be sealed pursuant to RCW Title 13.50.260 and/or RCW 13.40.127…. The petitioner and all individuals ordered to seal their records in this matter shall hereinafter treat this case as if it never occurred….

//
//

Complaint
Siperek v. USA
Page 2 of 6

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

11. Washington state case law provides in pertinent part:

> [I]f proceedings never occurred, logically the end result—a conviction—never occurred either. The plain language of the [juvenile] expungement statute entitles [one granted such relief] to act and be treated as if he has not previously been convicted. If he has not previously been convicted, he may legally possess firearms.

*In re Firearm Rights of Nelson*, 120 Wn.App. 470, 479-80 (Wash. Ct. App. 2003).

12. RCW 9.41.040(3) provides in pertinent part: "Where no record of the court's disposition of the charges can be found, there shall be a rebuttable presumption that the person was not convicted of the charge."

13. Washington case law provides the presumption under RCW 9.41.040(3) "is consistent with the [juvenile] expungement statute's directive to treat…convictions as if they never occurred." *In re Firearm Rights of Nelson*, 120 Wn.App. 470, 481 (Wash. Ct. App. 2003).

14. Washington case law provides that RCW 9.41.040 "does not make it unlawful for [one whose juvenile records have been expunged under RCW 13.50.260] to carry a firearm so long as he has no convictions other than those expunged." See *In re Firearm Rights of Nelson*, 120 Wn.App. 470, 481 (Wash. Ct. App. 2003).

15. Washington case law acknowledges that obtaining an order restoring the right to possess a firearm to clarify one's status before carrying a firearm is a "prudent course" notwithstanding a grant of relief under the juvenile expungement statute. See *In re Firearm Rights of Nelson*, 120 Wn.App. 470, 480 (Wash. Ct. App. 2003).

16. On April 29, 2016, the Kitsap County Superior Court issued Plaintiff a RCW 9.41.040(4) Order Restoring Right To Possess Firearms in Kitsap County Superior Court Cause Number 16-2-00632-1 ("Order Restoring"). See "Exhibit B."

17. The Order Restoring provides in pertinent part:

> …[O]n March 11, 2016 the Kitsap County Superior Court—Juvenile Court issued an Order that vacated, sealed, and ordered proceedings in Cause No. 01-8-00764-9 to be treated as if they never occurred pursuant to RCW 13.50.260; and the Petitioner is qualified, pursuant to RCW 9.41.040(4), to have the right to possess firearms fully restored; now therefore:
>
> THE COURT HEREBY ORDERS that Petitioner Scott Siperek's civil rights and right to possess firearms are FULLY RESTORED pursuant to RCW 9.41.040(4) and/or 13.50.260(6).

Complaint
Siperek v. USA
Page 3 of 6

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

18. The Federal Bureau of Investigation ("FBI") National Instant Criminal Background Check System (NICS) processes background checks nationally for firearms transactions.
19. On or about December 3, 2016, Plaintiff attempted to enter into a firearms transaction with a Federal Firearms Licensee ("FFL").
20. The FFL informed Plaintiff that the NICS denied Plaintiff's firearms transaction and the FFL provided Plaintiff with NICS Transaction Number ("NTN") 1003JH0DH.
21. On or about December 8, 2016, Plaintiff submitted a NICS Appeal Request Form electronically.
22. On or about December 14, 2016, the FBI mailed Plaintiff a letter advising Plaintiff that the reason for his denial was 18 U.S.C. 921(a)(20) and 922(g)(1). See "Exhibit C."
23. On December 30, 2016, the Washington State Patrol Identification and Criminal History Section confirmed that both the Order Sealing and Order Restoring "have been processed and the FBI notified." See "Exhibit D."
24. On or about January 5, 2017, Plaintiff mailed the FBI Criminal Justice Information Services Division, National Instant Criminal Background Check System Section, Appeal Services Team, a completed Voluntary Appeal File Application, a certified copy of the Order Sealing, a certified copy of the Order Restoring, and a set of Plaintiff's rolled fingerprints.
25. On or about January 13, 2017, Plaintiff received a phone call from the Bureau of Alcohol, Tobacco, Firearms and Explosives, Seattle Field Division ("ATF") and was advised that he was prohibited from possessing a firearm.
26. On or about January 18, 2017, the undersigned attorney mailed the ATF a letter and provided the ATF copies of the Order Sealing and Order Restoring.
27. On or about February 9, 2017, the undersigned attorney spoke with John T. Tibbetts, Division Counsel, United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. Mr. Tibbetts agreed to contact the FBI about the denial of Plaintiff's firearms transaction.
28. On February 10, 2017, Mr. Tibbetts emailed the undersigned attorney and explained in pertinent part:

> According to FBI/NICS, as long as your client's A-felony conviction appears on his NCIC report, they will consider him prohibited. The subsequent restoration of

Complaint
Siperek v. USA
Page 4 of 6

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

rights doesn't alleviate the prohibition because A-felony convictions are not subject to 9.41.040 restoration provisions.

…However, a review of the relevant statutes seems to indicate that the details of your client's conviction should not be on his NCIC. Per NICS, as long as that information is there, he will be denied.

29. As of March 3, 2017, Plaintiff has received no further response or correspondence from the FBI regarding his denial or related NICS appeal.

## COUNT I

30. Plaintiff realleges paragraphs 1 through 29 as if fully stated herein.

31. 18 U.S.C. 925A provides:

Any person denied a firearm pursuant to subsection (s) or (t) of section 922—

(1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or

(2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

32. Plaintiff requests an order directing the USA and its agencies and political subdivisions whose data may have bearing on firearms transactions, to correct erroneous information related to Plaintiff.

33. Plaintiff requests an order directing that the transfer related to NTN 1003JH0DH be approved.

34. Plaintiff further requests an order awarding him attorney's fees and costs associated with this action because the USA and its agencies and political subdivisions have refused to correct its records despite the law and has not processed Plaintiff's NICS appeal.

//

Complaint
Siperek v. USA
Page 5 of 6

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

## DEMAND FOR RELIEF

Plaintiff demands the following relief:

35. An Order declaring that Plaintiff is not prohibited from possessing firearms or ammunition under federal law and state law.
36. An Order directing the USA and its agencies and political subdivisions to correct erroneous information related to Plaintiff so future firearms transactions will not be denied.
37. An Order directing the transfer related to NTN 1003JH0DH be approved.
38. Award Plaintiff attorney's fees and costs associated with this action.

Dated this 6th day of March, 2017.

Respectfully Submitted,

Brent Thompson, WSBA No. 44778
Platt & Buescher, Attorneys at Law
PO Box 727
Coupeville, WA 98239
Phone: 360-678-6777
Fax: 360-678-0323
Email: brent@plattbuescher.com

Complaint
Siperek v. USA
Page 6 of 6

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323