# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SCOTT RYAN SIPEREK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. C17-5169 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the parties' cross-motions for summary judgment. Dkts. 12, 23 (redacted at Dkts. 15, 24). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants summary judgment in favor of Plaintiff Scott Ryan Siperek.

## I. PROCEDURAL HISTORY

On March 6, 2017, Plaintiff filed his complaint against the United States of America ("Government"). Dkt. 1. In his complaint, Plaintiff seeks reversal of the Federal Bureau of Investigation's ("FBI") administrative decision denying his appeal related to an attempted firearm purchase labelled as transaction number 1003JH0DH. *Id.* He also seeks an order requiring the FBI to correct information in the National Instant

Background Check System ("NICS") by removing his previous juvenile offense. *Id.* Ultimately, Plaintiff seeks to remove the FBI's restriction on his right to possess a firearm. *Id.* On June 1, 2017, the Government filed an answer. Dkt. 9.

On June 23, 2017, the Government moved for summary judgment. Dkt. 15. On July 6, 2017, the parties entered a stipulation to enable Plaintiff to file a cross motion for summary judgment and simplify the briefing schedule. Dkt. 20. On July 17, 2017, Plaintiff responded to the Government's motion and filed his cross-motion for summary judgment. Dkt. 24. On August 7, 2017, the Government filed a combined reply and response on the cross-motions for summary judgment. Dkt. 27. On August 11, 2017, Plaintiff filed his reply. Dkt. 28.

## II. FACTUAL BACKGROUND

### A. Juvenile Proceedings and Attempted Firearm Purchase

In 2001, Plaintiff was a juvenile respondent found guilty of an offense punishable by a term of imprisonment exceeding one year. Dkt. 13 at 2 (redacted at Dkt. 16). Specifically, Plaintiff was found guilty of Child Molestation, a "Class A" felony sex offense. *Id.*

On March 11, 2016, Plaintiff obtained an order from the Kitsap County Superior Court of Washington State vacating and sealing his juvenile offender record pursuant to RCW 13.50.260. Dkt. 1-2. The order states:

> Petitioner moved for an order vacating and sealing juvenile offender records pursuant to RCW Title 13.50.260;
> * * *
> It is now, therefore; ORDERED, ADJUDGED, AND DECREED as follows: With the exception of identifying information under RCW

> 13.50.050(13) [all applicable agencies] shall each, individually and together, seal any and all notes, files, social files, computer records and/or references to any juvenile criminal/offender activity or investigation referencing the petitioner in the above captioned matters, including but not limited to, juvenile court records, social file records, prosecuting attorney records, law enforcement records, notes, and computer records.
> This proceeding and those cases shall be treated as having never occurred and the orders finding petitioner guilty and sentencing or diverting petitioner for cases referenced herein shall hereby be sealed pursuant to RCW Title 13.50.260 and/or RCW 13.40.127 subject to the limitations of RCW 13.50.050(13). The petitioner and all individuals ordered to seal their records in this matter shall hereinafter treat this case as if it never occurred.
> The [applicable agencies] shall reply to any such inquiry concerning the records of petitioner or these proceedings, that they are confidential and no information shall be given regarding their existence or non-existence.

*Id.*

On April 29, 2016, Plaintiff obtained another order from the Superior Court purporting to restore his right to possess firearms pursuant to RCW 9.41.040(4). Dkt. 1-3. The order states:

> THE COURT HEREBY FINDS on March 11, 2016 the Kitsap County Superior Court-Juvenile Court issued an Order that vacated, sealed, and ordered proceedings in Cause No. O1-8-00764-9 to be treated as if they never occurred pursuant to RCW 13.50.260; and the Petitioner is qualified, pursuant to RCW 9.41.040(4), to have the right to possess firearms fully restored; now therefore:
> THE COURT HEREBY ORDERS that Petitioner Scott Siperek's civil rights and right to possess firearms are FULLY RESTORED pursuant to RCW 9.41.040(4) and/or 13.50.260(6). The clerk of the court shall, forthwith, provide a certified copy of this Order to the Washington State Patrol-Identification Section. The Washington State Patrol shall transmit a copy of this order to the Federal Bureau of Investigation.

*Id.*

On December 3, 2016, Plaintiff attempted to purchase a firearm from a Federal Firearms Licensee ("FFL"). Dkt. 13 at 1 (redacted at Dkt. 16). The FFL requested a

background check on Plaintiff, which was processed through NICS as transaction number 1003JH0DH. *Id.* On December 7, 2016, NICS reviewed Plaintiff's background information and decided that, regardless of the April 29, 2016 court order restoring Plaintiff's rights to possess a firearm, the order could not be applied to Plaintiff's juvenile class A felony conviction for Child Molestation. *Id.* at 2. Accordingly, on December 8, 2017, NICS directed the FFL to deny Plaintiff's firearm purchase, and the FFL did not complete the transaction. *Id.* at 1.

On December 8, 2016, Plaintiff submitted an NICS appeal request form. Dkt. 1 at 4. On December 14, 2016, the FBI mailed Plaintiff a letter explaining that the transaction was denied because he was prohibited from possessing a firearm under 18 U.S.C. §§ 921(a)(2) and 922(g)(1). Dkt. 1-4. The FBI further informed Plaintiff that he could challenge the denial by submitting certified court documents to NICS. Dkt. 1-4. On January 5, 2017, Plaintiff allegedly mailed his documentation to NICS and initiated an administrative appeal. Dkt. 1 at 4.

On January 13, 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") allegedly contacted Plaintiff by phone to inform him that he was prohibited from possessing a firearm. Dkt. 1 at 4. In subsequent email communications, ATF counsel explained that:

> [A]s long as [Plaintiff]'s A-felony conviction appears on his NCIC report, they will consider him prohibited. The subsequent restoration of rights doesn't alleviate the prohibition because A-felony convictions are not subject to 9.41.040 restoration provisions.

Dkt. 23-5 at 3 (redacted at Dkt. 24-5).

Other than his contact with the ATF, Plaintiff has not yet received a response regarding his appeal. Dkt. 1 at 5. Accordingly, on March 6, 2017, Plaintiff filed the instant lawsuit pursuant to 18 U.S.C. § 925A. Dkt. 1.

**B.     Legal Framework for Restricting Plaintiff's Possession of Firearms**

Under 18 U.S.C § 925A, a person denied a firearm pursuant to 18 U.S.C. § 922 "may bring an action . . . against the United States . . . for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be." 18 U.S.C § 925A. Additionally "[i]n any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." *Id.*

In response to Plaintiff's appeal request form, the FBI explained that Petitioner was prevented from completing his attempted purchase because he is prohibited from possessing a firearm under 18 U.S.C. §§ 921(a)(2) and 922(g)(1), which provide as follows:

> (g) It shall be unlawful for any person—
>    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
> * * *
>    to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).

> (2) The term "interstate or foreign commerce" includes commerce between any place in a State and any place outside of that State, or within any possession of the United States (not including the Canal Zone) or the District of Columbia, but such term does not include commerce between

places within the same State but through any place outside of that State. The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone).

18 U.S.C. § 921(a)(2).

In this case, whether Plaintiff has been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" within the meaning of 18 U.S.C. § 922(g)(1) depends on Washington State law:

> What constitutes a conviction of such a crime *shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.* Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). Therefore, whether or not the FBI or NICS properly prohibited Plaintiff's attempted firearm purchase depends on how Washington State law treats Plaintiff's Class A felony sex offense in light of its sealing and Plaintiff's subsequent restoration order.

Washington's unlawful possession of firearms statute states that "[a] person, *whether an adult or juvenile*, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted . . . of any serious offense as defined in this chapter." RCW 9.41.040(1)(a) (emphasis added). Plaintiff's juvenile offense for Child Molestation constitutes a "serious offense." RCW 9.41.010(23). Washington's unlawful possession of firearms statute further provides:

(3) Notwithstanding RCW 9.41.047 or any other provisions of law, as used in this chapter, a person has been "convicted", whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-fact-finding motions, and appeals. . . . A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted or the conviction or disposition has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence. Where no record of the court's disposition of the charges can be found, there shall be a rebuttable presumption that the person was not convicted of the charge.

RCW 9.41.040(3).

Additionally, even if a person has been "convicted" of a predicate offense within the meaning of RCW 9.41.040(3), and is therefore subject to the firearms restriction in RCW 9.41.040(1) or (2), the person may nonetheless still petition to have his firearm rights restored under certain circumstances. Specifically:

(4)(a) . . . Notwithstanding any other provisions of this section, if a person is prohibited from possession of a firearm under subsection (1) or (2) of this section and has not previously been convicted . . . of a sex offense prohibiting firearm ownership under subsection (1) or (2) of this section and/or any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored . . . .

RCW 9.41.040(4). Accordingly, to determine whether Plaintiff is prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1), the Court must assess whether the 2011 sealing of Plaintiff's juvenile case or the subsequent 2016 order purporting to restore Plaintiff's firearm rights constitute an expungement, setting aside, or a restoration of civil rights in regards to his juvenile offense.

The Washington juvenile record sealing statute provides as follows:

> (4)(a) The court shall grant any motion to seal records for class A offenses made pursuant to subsection (3) of this section if:
> (i) Since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent five consecutive years in the community without committing any offense or crime that subsequently results in an adjudication or conviction;
> (ii) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;
> (iii) No proceeding is pending seeking the formation of a diversion agreement with that person;
> (iv) The person is no longer required to register as a sex offender under RCW 9A.44.130 or has been relieved of the duty to register under RCW 9A.44.143 if the person was convicted of a sex offense;
> (v) The person has not been convicted of rape in the first degree, rape in the second degree, or indecent liberties that was actually committed with forcible compulsion; and
> (vi) The person has paid the full amount of restitution owing to the individual victim named in the restitution order, excluding restitution owed to any insurance provider authorized under Title 48 RCW.
> * * *
> (6)(a) If the court enters a written order sealing the juvenile court record pursuant to this section . . . the proceedings in the case shall be treated as if they never occurred, and the subject of the records may reply accordingly to any inquiry about the events, records of which are sealed. Any agency shall reply to any inquiry concerning confidential or sealed records that records are confidential, and no information can be given about the existence or nonexistence of records concerning an individual.
> (b) In the event the subject of the juvenile records receives a full and unconditional pardon, the proceedings in the matter upon which the pardon has been granted shall be treated as if they never occurred, and the subject of the records may reply accordingly to any inquiry about the events upon which the pardon was received. Any agency shall reply to any inquiry concerning the records pertaining to the events for which the subject received a pardon that records are confidential, and no information can be given about the existence or nonexistence of records concerning an individual.

RCW 13.50.260.

# III. DISCUSSION

As stated above, 18 U.S.C. § 922(g)(1) makes it illegal for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess or receive a firearm in interstate commerce. However, 18 U.S.C. § 921(a)(20) limits the term "convicted" as it appears in 18 U.S.C. § 922(g)(1) so that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter . . . ." In determining whether the imitations of 18 U.S.C. § 921(a)(20) apply to a particular case, the Court employs a "three-step procedure" as follows:

> 1. Use state law to determine whether the defendant has a "conviction." If not, the defendant is not guilty. If so, go to step 2.
> 2. Determine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored. If not, the conviction stands. If so, go to step 3.
> 3. Determine whether the pardon, expung[e]ment, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the conviction stands. If not, the defendant is not guilty.

*Van Der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014) (quoting *United States v. Valerio*, 441 F.3d 837, 840 (9th Cir. 2006)) (alteration in original).

## A. Step One: Conviction

Plaintiff argues that he has never been convicted of a crime punishable by imprisonment for a term exceeding one year. Dkt. 23 at 9–11. Specifically, Plaintiff argues that his prior conviction for Child Molestation no longer exists because the statute under which his juvenile case was sealed states that, once sealed, "the proceedings in the case shall be treated as if they never occurred . . . ." RCW 13.50.260(6)(a).

The Court rejects this argument. Describing the first step of the analysis in *Valerio* as "determin[ing] whether the defendant has a 'conviction'" is somewhat of a misnomer. In reality, all three steps of the *Valerio* analysis are intended to determine whether a person has a qualifying conviction under 18 U.S.C. § 922(g)(1). For instance, under the language of 18 U.S.C. § 921(a)(20), from which the second step of the *Valerio* analysis is derived, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored *shall not be considered a conviction for purposes of this chapter*." 18 U.S.C. § 921(a)(20) (emphasis added). Regardless of whether a qualifying conviction never actually occurred or whether it was expunged, set aside, or pardoned, in such cases the Court ultimately concludes that there is no "conviction" for the purposes of 18 U.S.C. § 922(g)(1). However, for the *Valerio* analysis to make any sense, it is necessary that its first step of "determining whether the person has a 'conviction'" ignore the legal fiction of "nonexistence" appurtenant to expungement, regardless of the language in expungement statutes requiring that "the proceedings in the case shall be treated as if they never occurred." *See* RCW 13.50.260(6)(a).

There is no denying that Plaintiff was actually found guilty of a juvenile offense, predicated on a crime punishable by imprisonment for a term exceeding one year. While sealed juvenile proceedings subject to a valid sealing order under RCW 13.50.260 are to "be treated as if they never occurred," they nonetheless remain intact should they become unsealed pursuant to a subsequent misdemeanor conviction or felony charge. RCW 15.50.260(8)(a), (b). An offense such as Plaintiff's would constitute a "conviction" under

Washington law for the purposes of 18 U.S.C. § 922(g)(1). *See United States v. Mendez*, 765 F.3d 950 (9th Cir. 2014); RCW 9.41.040(1) ("A person, *whether an adult or juvenile*, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.) (emphasis added). Accordingly, Plaintiff has, in fact, committed a juvenile offense that can constitute a "conviction" under 18 U.S.C. § 922(g)(1), even if Washington law requires that a sealed juvenile offense be "treated *as if* it never occurred."

**B.       Step Two: Expungement, Setting Aside, or Restoration of Civil Rights**

Plaintiff next argues that the sealing of his juvenile case constitutes an expungement or setting aside of his juvenile offense. Dkt. 23 at 20. On this matter the Court agrees.

18 U.S.C. § 921(a)(20) dictates that "[w]hat constitutes a conviction [for the purposes of 18 U.S.C. § 922(g)(1)] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." In turn, Washington law clearly dictates that, pursuant to RCW 13.50.260(6)(a) (formerly RCW 13.50.050(14)), the sealing of a juvenile case constitutes expungement of the juvenile offense. Relying on the language in RCW 13.50.260(6)(a) that states "[i]f the court enters a written order sealing the juvenile court record pursuant to this section . . . the proceedings in the case shall be treated as if they never occurred," Washington Courts have held:

> If the proceedings never occurred, logically the end result—a conviction—never occurred either. The plain language of the expungement statute entitles [a person] to act and be treated as if he has not previously been convicted. If he has not previously been convicted, he may legally possess firearms.

*Nelson v. State*, 120 Wn. App. 470, 479–80 (2003). *See also State v. Sweeney*, 125 Wn. App. 77, 82 (2005) (citing *Nelson*, 120 Wn. App. at 479–80) ("Once the record has been expunged by court order, the juvenile proceedings are treated "as if they never occurred' . . . [and] the expunged juvenile offense cannot serve as the predicate offense for a charge of unlawful possession of a firearm.").

The Government argues that the sealing/expungement under RCW 13.50.260 of Plaintiff's juvenile offense for a Class A sex offense does not constitute expungement within the meaning of 18 U.S.C. § 921(a)(20) because RCW 9.41.040(4) prohibits individuals from petitioning for a restoration of their firearm rights if they were previously convicted of a sex offense or Class A felony. Specifically, RCW 9.41.040(4) states:

> Notwithstanding any other provisions of this section, if a person is prohibited from possession of a firearm . . . *and has not previously been convicted . . . of a sex offense prohibiting firearm ownership . . . and/or any felony defined under any law as a class A felony* . . . the individual may petition a court of record to have his or her right to possess a firearm restored . . . ."

RCW 9.41.040(4) (emphasis added). Additionally, the Government cites to RCW 9.94A.640(2)(b) and 9.94A.030(55), for the proposition that a "violent offense," such as Plaintiff's Class A felony sex offense, cannot be vacated or expunged under Washington's Sentencing Reform Act.

ORDER - 12

The Court rejects the Government's arguments. The limitation on restoration orders for sex offenses and Class A felonies found in RCW 9.41.040(4)(a) of the unlawful possession statute are a condition specific to the restoration petition process established under that subsection. Under that petition process, a person may become eligible for the restoration of firearm rights due to appropriate post-conviction behavior notwithstanding the continued presence of a prior disqualifying conviction on their record. *See* RCW 9.41.040(4)(a)(i), (ii) (describing conditions that must be satisfied for a restoration petition to be granted). However, as noted by the Washington Court of Appeals in *Nelson*, if a juvenile record has been expunged pursuant to RCW 13.50.260 it is to be treated as if it never occurred, meaning that there is no disqualifying conviction to begin with, and a restoration petition is unnecessary. *See Nelson*, 120 Wn. App. at 478 ("[T]rying to determine whether Nelson's convictions have been 'the subject of a pardon . . . . or other equivalent procedure' is putting the cart before the horse. First we must determine whether, after expungement, there is a conviction to which RCW 9.41.040 applies.").

This type of construction of RCW 9.41.040, which limits the sex offense and Class A felony restrictions of RCW 9.41.040(4)(a) narrowly to the restoration petition process, is further supported by the Washington Supreme Court's decision in *State v. R.P.H.*, 173 Wn.2d 199, 200 (2011). In that decision, the Washington Supreme Court determined that, notwithstanding the sex offense limitation in RCW 9.41.040(4)(a), a court order terminating a person's requirement to register as a sex offender for offenses committed as a juvenile was equivalent to a certificate of rehabilitation for the purpose of RCW

9.41.040(3). *Id.* at 204. While *R.P.H.* has been abrogated by statute so that the termination of sex offender registration requirements no longer constitutes the equivalent of a certificate of rehabilitation, *see* RCW 9A.44.143(6), the Supreme Court's general construction of RCW 9.41.040 remains good law, therefore limiting the sex offense and Class A felony restriction in RCW 9.41.040(4) to the restoration of rights petitioning process. Accordingly, the prohibition on restoration petitions for sex offenses or Class A felonies found in RCW 9.41.040(4)(a) is irrelevant to the Court's analysis, since the absence of a predicate conviction for the purposes of RCW 9.41.040(1) or (2) renders the petition procedure in RCW 9.41.040(4) unnecessary. *See Nelson*, 120 Wn. App. at 480 ("Nelson could have avoided acknowledging his convictions if he had simply begun to carry firearms without seeking a certificate of his right to do so. . . . But given the uncertainty about the outcome, and his prior experience with arrest, his attempt to clarify his status before carrying firearms was a prudent course.").

Additionally, the Government's reliance on RCW 9.94A.640(2)(b) and 9.94A.030(55) is misplaced. As a general rule, RCW 9.94A.640(2)(b) stands for the proposition that a "violent offense," such as Plaintiff's Class A felony sex offense, cannot be vacated or expunged. However, this limitation deals with the vacation of an offender's conviction pursuant to his application under RCW 9.94A.640(1) once he has discharged his sentence under the general discharge statute, RCW 9.94A.637. In contrast, RCW 13.50.260 deals with the sealing/expunging of records in the more specific context of juvenile offenses. "The 'general-specific' rule of statutory interpretation . . . stands for the proposition that a specific statute prevails over a general statute." *State v. Flores*, 194

Wn. App. 29, 36 (2016). Therefore, "when a general statute, standing alone, includes the same subject as the special statute and then conflicts with it, the court deems the special statute to be an exception to, or qualification of, the general statute." *Id.* at 37. While RCW 9.94A.637 and 9.94A.640 deal generally with the qualifying factors and procedures for the discharge of a sentence and the vacation of conviction records, RCW 13.50.260 deals with the same subject matter, but in the more specific context of juvenile records. Moreover, RCW 13.50.260(4)(a) and (6)(a) conflict with the limitation in RCW 9.94A.640(2)(b) by specifically authorizing the sealing/expungement of Class A felonies and sex offenses that were committed while a juvenile. Accordingly, the more general provisions of conviction record retention and vacation under RCW 9.94A.637 and 9.94A.640 cannot trump the more specific application of RCW 13.50.260(6)(a) in the context of sealed/expunged juvenile records.

It should be noted that RCW 9.94A.640 and RCW 13.50.260 do not necessarily offer the same relief, raising a question as to whether the sealing of a juvenile record indeed constitutes a full expungement. For instance, while a vacation order under RCW 9.94A.640 is permanent and cannot be used in determining a sentence in any subsequent conviction, *see* RCW 9.94A.640(3), the sealing of a juvenile offense under RCW 13.50.260 may be unsealed after a subsequent misdemeanor conviction or felony charge. RCW 15.50.260(8)(a), (b). Nonetheless, so long as Plaintiff's juvenile Class A felony is subject to a valid sealing order under RCW 13.50.260, it is to be treated as if it does not exist, thereby offering Plaintiff the same relief extended under the general vacation statute of RCW 9.94A.640(3). *See* RCW 9.94A.640(3) ("For all purposes . . . an offender

whose conviction has been vacated may state that the offender has never been convicted of that crime."); RCW 13.50.260(6)(a) ("If the court enters a written order sealing the juvenile court record pursuant to this section . . . the proceedings in the case shall be treated as if they never occurred, and the subject of the records may reply accordingly to any inquiry about the events, records of which are sealed."). Accordingly, the Court finds that the sealing of Plaintiff's juvenile offense for a Class A felony sex offense constitutes an expungement for the purposes of 18 U.S.C. § 921(a)(20).[1]

**C.    Step Three: Express Limitation on Firearm Rights**

The RCW 13.50.260 order sealing Plaintiff's juvenile offense does not include any exception or limitation regarding Plaintiff's firearm rights. Dkt. 1-2. Even regarding "the whole of state law, *see United States v. Gomez*, 911 F.2d 219, 220 (9th Cir. 1990), the Court has already determined that the provisions of RCW 9.41.040(4)(a) and RCW 9.94A.640(2)(b) do not override the RCW 13.50.260 order broadly expunging Plaintiff's juvenile offense and requiring that it be treated as if it never occurred. Therefore, the Court finds that there is no further express limitation on Plaintiff's firearm rights.

## IV.    ORDER

The Court finds that the language of RCW 13.50.260(6)(a) (especially in light of the guidance provided by *Nelson*, 120 Wn. App. 470, and *R.P.H.*, 173 Wn.2d 199) clearly indicates that Plaintiff's juvenile offense has been expunged within the meaning of 18

---

[1] Because the Court determines that the RCW 13.50.260 order sealing Plaintiff's case constitutes an expungement, the Court need not address the effect, if any, of the subsequent court order purporting to restore Plaintiff's firearm rights pursuant to RCW 9.41.040(4).

U.S.C. § 921(a)(20). Accordingly, the Court concludes that the Government's denial of Plaintiff's firearm transaction was arbitrary and capricious.

Therefore, it is hereby **ORDERED** as follows:

(1) The Government's motion for summary judgment (Dkt. 12, redacted at Dkt. 15) is **DENIED**;

(2) Plaintiff's motion for summary judgment (Dkt. 23, redacted at Dkt. 24) is **GRANTED**; and

(3) Plaintiff shall submit a bill of costs for attorney fees to be awarded pursuant to 18 U.S.C § 925A as part of the costs.

The Clerk shall enter judgment in favor of Plaintiff.

Dated this 29th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge